* John Ashcroft is substituted for his predecessor, Janet Reno, as Attorney General of the

**GOLDEN RAINBOW FREEDOM FUND, a Washington Limited Partnership, Plaintiff–Appellant,**

v.

**John ASHCROFT,\* Attorney General of the United States, Defendant–Appellee.**

No. 00–36020.
D.C. No. CV–99–00755–JCC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 2001.

Decided Nov. 26, 2001.

United States. Fed. R.App. P. 43(c)(2).

Before FERNANDEZ, RYMER, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Golden Rainbow Freedom Fund, a Washington limited partnership, brought this action for the purpose of challenging the Immigration and Naturalization Service's implementation of the Immigrant Investor Program, 8 U.S.C. § 1153(b)(5), and the associated Immigrant Investor Pilot Program, Pub. L. No. 102–395, § 610, 106 Stat. 1874 (1992), as amended Pub. L. No. 105–119, § 116(a), 111 Stat. 2467 (1997), and Pub. L. No. 106–396, § 402, 114 Stat. 1647 (2000). The district court granted summary judgment to the INS and Golden Rainbow appealed. We affirm.

■ First, we agree with Golden Rainbow that it has standing to assert its own claim for harm that it has allegedly suffered by reason of the position of the INS. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992); *Yesler Terrace Cmty. Council v. Cisneros*, 37 F.3d 442, 445–46 (9th Cir.1994); *Pac. N.W. Generating Coop. v. Brown*, 38 F.3d 1058, 1065–66 (9th Cir.1994). That is true, even to the extent that its harm flows from the INS's actions toward third parties—the immigrant investors.[1] *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1487–88 (9th Cir.1995).

Second, we affirm the district court's decision on the merits for the reasons set forth in our decision in *R.L. Investment Limited Partners v. INS*, 273 F.3d 874, ——, slip op. 15813 (9th Cir.2001).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. At argument, Golden Rainbow made it clear that it does not purport to represent those parties themselves on appeal.

However, one question raised here, but not properly raised in *R.L.*, requires special notice. That is retroactivity. Clearly, retroactivity is the rule in adjudication, and "[e]very case of first impression has a retroactive effect, whether the new principle is announced by a court or by an administrative agency." *SEC v. Chenery Corp.*, 332 U.S. 194, 203, 67 S.Ct. 1575, 1581, 91 L.Ed. 1995 (1947). Of course, the mischief that a retroactive rule corrects must be balanced against the harm it might cause. *See id.; Montgomery Ward & Co., Inc. v. FTC*, 691 F.2d 1322, 1328, 1333 (9th Cir.1982).

No doubt, Golden Rainbow and the alien investors did rely on the non-precedential position of the INS, and may suffer on that account. But there had been no formal determination at the time, and they had to know that any initial approval was conditional. There could be no closure until there had been a second petition for removal of the condition, and a showing of compliance was required at that time. *See* 8 U.S.C. § 1186b(c)(1) & (d)(1). The long and short of it is that they lost their gamble that Golden Rainbow's creative financing approach would manage to get through the whole process. The INS finally acted to prevent a perversion of the program contemplated in the statutes and the regulations. The mischief that was avoided far outweighed any detriment to Golden Rainbow or anyone else. In other words, retroactivity was not inappropriate.

AFFIRMED.